UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WILLIE A. HECKSTALL, III, | : | Civil Case No.   19-CV-3566 |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **VERIFIED COMPLAINT** |
| | : | |
| METROPOLITAN TRANSPORTATION | : | |
| AUTHORITY; | : | |
| | : | |
| *Defendant.* | : | Trial by Jury |
| | : | |

Plaintiff, Willie A. Heckstall, III, by and through his attorneys, Wolin & Wolin, complaining of the defendant, Metropolitan Transportation Authority, alleges as follows:

### Introduction

1.      This is an action, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; New York State Executive Law § 296 and § 297; and New York City Administrative Code  § 8-107 for employment discrimination based upon race (African-American) and reprisal (prior protected activity).  Plaintiff alleges that, by its actions described herein, defendant has discriminated against him because of his race and prior protected activity.

2.      This action also challenges defendant's policies, patterns, practices and actions of race discrimination, as described herein, with respect to the promotion of African-American Police Officers to the position of Sergeant.  Defendant engaged in these policies, patterns, practices and actions, despite knowing that it would have a disparate impact on African-American Police Officers who are seeking to be promoted to the ranks of Sergeant and above.

-1-

3.      As a result of defendant's policies, patterns, practices and actions described herein, qualified African-American Police Officers are promoted less frequently and in a manner which results in an under-representation of African-Americans in the rank of Sergeant and above.

4.      Plaintiff seeks appropriate relief to redress the wrongdoing complained of herein.

### Statement Pursuant to Local Rule 9

5.      For purposes of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary, or affiliate and that there are no other interested parties.

### Jurisdiction & Venue

6.      Jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, 1343 and 1346 and the Court's supplemental jurisdiction.

7.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

### Jury Demand

8.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

### Parties

9.      Plaintiff, at all times relevant hereto, was and still is a resident of the State of New York, County of Nassau and a citizen of the United States of America.

10.     Defendant Metropolitan Transportation Authority ("MTA") was and still is a public authority operating under and by virtue of the laws of the State of New York and

maintaining a principal place of business in the City, County and State of New York at 2 Broadway.

11.      Defendant, at all times relevant hereto, was and still is in the business of providing interstate public transportation services by rail and as defined pursuant to 49 U.S.C. § 5331 and 49 C.F.R. § 655 *et seq.*  In furtherance of said business purpose, defendant maintains and operates a Police Department ("MTAPD") and employs Police Officers, including those with the rank of Sergeant and above.

12.      Defendant is a public authority engaged in an industry and/or activity affecting commerce, as defined in 42 U.S.C. § 2000e(g)(h).

13.      At all relevant times, defendant had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Therefore, defendant is an "employer" for purposes of 42 U.S.C. § 2000e *et seq.* and other relevant statute.

## Exhaustion of Administrative Remedies

14.      On or about November 9, 2018, plaintiff filed a written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") assigned Charge No. 520-2019-00760.

15.      In said Charge of Discrimination, plaintiff alleged that defendant had discriminated against him on account of his race and in reprisal for his prior protected activity.

16.      On February 8, 2019, the EEOC issued a Notice of Right to Sue to plaintiff with reference to his Charge of Discrimination.  Said notice advised plaintiff of his right to file an action against defendant in the appropriate federal court within ninety (90) days of his receipt

thereof.

17.     Plaintiff has filed this action within ninety (90) days of his receipt of the Notice of Right to Sue.

18.     On or about November 8, 2018, plaintiff also caused a Notice of Claim to be served upon defendant, pursuant to Public Authorities Law of the State of New York and other statute. In the Notice of Claim, plaintiff claimed that defendant had discriminated against him based upon his race and in reprisal for his prior protected activity.

19.     More than thirty (30) days have lapsed since plaintiff served the Notice of Claim and the claim remains open and unpaid.

## Facts

20.     Plaintiff has been employed by defendant as a Police Officer since 2006. Prior to that, he was employed as a New York City Police Officer.

21.     Plaintiff is African-American.

22.     By its actions, as set forth herein, the MTAPD has engaged in a pattern, practice, policy and action, the result of which is to discriminate against African-American Police Officers, including plaintiff, who seek to be promoted to the rank Sergeant and above.

23.     In or about 2006, while serving a probationary period, the MTAPD terminated plaintiff's employment. Plaintiff, therefore, caused a complaint to filed in the New York County Supreme Court (Index No. 102907/2007), wherein he alleged that the MTA had dismissed him for racially discriminatory reasons. Thereupon, a non-jury trial was held before the Honorable Debra James in June 2009. Justice James concluded that plaintiff was, in fact, discriminated against by the MTA when it terminated his employment. As a result, the MTA and plaintiff

-4-

entered into a Settlement Agreement in February 2010, by which plaintiff was reinstated with back pay and other benefits. Plaintiff has been successfully employed as an MTA Police Officer ever since.

24.     The filing and prosecution of the lawsuit against defendant constituted protected activity, which plaintiff could undertake without the fear of reprisal.

25.     Sometime prior to October 2014, plaintiff took the promotional examination for the position of Sergeant in the MTAPD.

26.     On October 17, 2014, the MTAPD issued Personnel Order #14-75, which contained the numerical ranking of the 105 highest scoring members on the Sergeant Promotional List. Plaintiff was ranked 63rd.

27.     Personnel Order #14-75 was effective immediately and stated "This list shall remain in effect until the Department publishes a new Sergeant Promotional List."

28.     The MTAPD has a practice and policy of promoting individuals off promotional lists in strict order of their numerical ranking.

29.     Every individual between #1 and #62 was ultimately promoted to Sergeant, with the exception of three individuals who had retired in the interim. They were #31 (Pecoraro), #39 (Kowalchuk), and #60 (Russell). Four (4) of the individuals who were promoted were African-American. They were #20 (Deras), #40 (Jean Baptiste), #45 (Grisby), and #61 (Benjamin). Deras has since been promoted to Lieutenant.

30.     The last promotions that were made off Personnel Order #14-75 were made by Personnel Order 17-151 dated December 22, 2017 and effective December 24, 2017. Eight (8) individuals were promoted. The last one promoted was #62 (Dacosta), who was situated

immediately before plaintiff.  Thus, plaintiff was the next one to be promoted off Personnel Order #14-75.

31.     In addition to plaintiff, there were several other African-American Police Officers whose names were being approached, including #64 (Pinkston), #72 (Starks), #75 (Henry) and #76 (James-Rosario).  Five (5) of the next fourteen (14) officers were African-American.

32.     Over the next several months, after December 2017, the MTAPD had several vacancies and the need to promote officers to Sergeant.  These vacancies occurred because of retirements, reassignments and otherwise.

33.     In order to avoid promoting plaintiff and the other African-American Police Officers, the MTAPD deliberately, willfully and intentionally failed to promote any additional officers, despite the need to promote Police Officers to Sergeant.

34.     By Personnel Order #18-71 dated June 4, 2018, the MTAPD issued a document entitled "Sergeants Promotional Exam Results."  This Personnel Order indicated that it contained the "results of the Sergeants promotional examination."

35.     When the promotion test was given, plaintiff could not take it. He, therefore, was not listed in Personnel Order #18-71.

36.     The MTAPD did not promote anyone off Personnel Order #14-75 since December 2017 because it was intentionally, knowingly and willfully seeking to avoid promoting African-American Police Officers to the position of Sergeant.

37.     The motivation of the MTAPD was confirmed when it improperly terminated the list created by Personnel Order #14-75 and issued Personnel Order #18-71. It then promoted nine (9) individuals to the position of Sergeant by Personnel Order #18-116.

-6-

38.     Personnel Order #18-71 was, by its own designation, not a promotional list or promotional ranking. It was simply the publication of the exam results. Since Personnel Order #14-75 stated that it would "remain in effect until the Department publishes a new Sergeant Promotional List," Personnel Order #18-71 was not a new Sergeant Promotional List nor has defendant issued any other Personnel Order which is a new Sergeant Promotional List. Thus, Personnel Order #14-75 should still have been the effective order off which promotions to Sergeant were made.

39.     The Sergeant and Lieutenant Promotional List that defendant has used to promote officers traditionally were the "Sergeant Promotional Ranking" and "Lieutenant Promotional Ranking," (*see, e.g.,* Personnel Orders #18-54, #14-74, #14-75, #07-92, #07-137 #03-37 and #03-39). Each of these orders state that it will remain in effect until the Department publishes a new Sergeant or Lieutenant Promotional List. The rankings contained in Personnel Order #14-75 were not superseded by Personnel Order #18-71, which was not a Sergeant Promotional List.

40.     The first nine (9) Officers listed on Personnel Order #18-71 were promoted by Personnel Order #18-116 to Sergeant. Only one, Aundree Booker (#9), was African-American. The next African-American on Personnel Order #18-71 is #56 (Henry).

41.     Defendant promoted two (2) more officers to Sergeant on March 25, 2019 by Personnel Order #19-34. They are Anthony J. Ferrara and Raymond Foy, who were the next Officers on Personnel Order #18-71. Neither is African-American.

42.     These last eleven (11) promotions to Sergeant are null and void because a new Sergeant Promotional List had not been issued and Personnel Order #14-75, by its very terms,

remained in effect. These eleven (11) promotions to Sergeant should have been made from Personnel Order #14-75. The result should have been the promotion of several African-American Police Officers to Sergeant, including plaintiff.

43.   The prospect of any additional African-American Police Officers being promoted to Sergeant anytime in the near future is slim. The dearth of African-Americans being promoted to Sergeant will have a domino effect on African-Americans being promoted to higher ranks, such as Lieutenant, since potential candidates will not have the required time in rank.

44.   The prior history of the MTAPD in promoting African-American Police Officers is indicative of its discriminatory animus.

45.   There are currently seven (7) African-American Sergeants in the entire Department, out of approximately ninety-six (96) Sergeants. They are the aforesaid Benjamin, Jean-Baptiste, Grisby, and Booker, together with Sergeants Farrell, Jordan and Hossein. If any of these Sergeants retire, based upon Personnel Order 18-71, they will be replaced by a Caucasian Officer, thereby reducing the number of African-American Sergeants even more.

46.    There is one African-American Lieutenant, the aforesaid Deras, out of approximately thirty-two (32) Lieutenants.

47.   The MTAPD's own workforce utilization profile for the last quarter of 2017 confirms the under-representation of African-American Sergeants in the MTAPD. Chief Owen Monaghan, the MTAPD Chief of Police, stated, at a Diversity Committee Meeting on May 21, 2018, that increasing diversity in all ranks is MTA's priority.

48.   By its actions, in manipulating the promotional lists to avoid having a fair share

of African-American Police Officers become Sergeants, the MTAPD has violated its own policies

and pronouncements and has engaged in conduct that is violative of statute.  The result has

been a gross under-representation of African-American Police Officers being promoted to the

rank of Sergeant and above.

**Count I**

**Intentional Discrimination (Race)**
**Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. § 2000e _et seq._**

49.     Plaintiff alleges that the complained of policies, patterns, practices and actions

of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e _et_

_seq._, in that they constitute unlawful employment practices on account of plaintiff's race.

50.     By its actions, defendant intentionally discriminated against plaintiff in

compensation, terms, conditions and privileges of employment in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e _et seq._

51.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the

actions complained of, nor can its actions be otherwise justified.   Any alleged

nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to

mask its actions.

52.     By reason of the  policies, patterns, practices and actions of defendant, as

described herein, whereby defendant has engaged in unlawful discriminatory practices on

account of plaintiff's race, plaintiff has suffered economic loss, including past, present and

future income, compensation and benefits; was made emotionally ill; suffered and continues

to suffer damage to his reputation among his peers; embarrassment; humiliation and was

otherwise greatly damaged.

53.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count II

**Disparate Impact Discrimination (Race)**
**Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. § 2000e *et seq*.**

54.    Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

55.    Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

56.    The result of defendant's policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect African-American Police Officers seeking to be promoted to the rank of Sergeant and above.

57.    By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

58.     Defendant's policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

59.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count III

### Intentional Discrimination (Reprisal)
### Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000e *et seq.*

60.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in that they constitute unlawful employment practices on account of plaintiff's prior protected activity.

61.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

62.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.     Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

63.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's prior protected activity, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

64.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count IV

### Intentional Discrimination (Race)
### New York State Executive Law §§ 296 and 297

65.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's race.

66.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

67.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.     Any alleged

nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

68.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

69.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count V

### Disparate Impact Discrimination (Race)
### New York State Executive Law §§ 296 and 297

70.     Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

71.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

72.     The result of defendant's  policies, patterns, practices and actions has been to

disproportionately and unjustifiably adversely affect African-American Police officers seeking to be promoted to the rank of Sergeant and above.

73.    By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

74.    Defendant's policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of New York State Executive Law §§ 296 and 297.

75.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count VI**

**Intentional Discrimination (Reprisal)**
**New York State Executive Law §§ 296 and 297**

76.    Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's prior protected activity.

77.    By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

-14-

78.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.     Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

79.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's prior protected activity, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

80.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages and other appropriate damages and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count VII

### Intentional Discrimination (Race)
### New York City Administrative Code § 8-107

81.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's race.

82.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City

Administrative Code § 8-107.

83.    Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.    Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

84.    By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

85.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count VIII

### Disparate Impact Discrimination (Race)
### New York City Administrative Code § 8-107

86.    Defendant's policies, patterns, practices and actions, as described hereinbefore, has had an adverse impact on African-American Police Officers being promoted to the rank of Sergeant and above.

87.     Defendant's policies, patterns, practices and actions, as described hereinbefore, cannot be justified by business necessity and have no relationship to the requirements of the position of Sergeant.

88.     The result of defendant's policies, patterns, practices and actions has been to disproportionately and unjustifiably adversely affect African-American Police officers seeking to be promoted to the rank of Sergeant and above.

89.     By reason of the foregoing, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

90.     Defendant's policies, patterns, practices and actions constitute an unlawful employment practice on account of plaintiff's race, because it has had an unlawful disparate impact in violation of New York City Administrative Code § 8-107.

91.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count IX

### Intentional Discrimination (Reprisal)
### New York City Administrative Code § 8-107

92.     Plaintiff alleges that the complained of policies, patterns, practices and actions

of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's prior protected activity.

93.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

94.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

95.     By reason of the policies, patterns, practices and actions, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's prior protected activity, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

96.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant, with back pay, an award of compensatory damages, punitive damages, and other appropriate damages, attorney's fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### **Prayer for Relief**

WHEREFORE, plaintiff respectfully requests that judgment be entered in his favor and

against defendant on each and every count hereinbefore pled, awarding him appropriate injunctive, equitable and declaratory relief, including a promotion to Sergeant with back pay; an award of compensatory damages, punitive damages, and other appropriate damages, an award of  attorney fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial together with appropriate interest.

Dated: Jericho, New York
      April 18, 2019

                                     WOLIN & WOLIN
                                     *Alan E. Wolin*
                                     By: Alan E. Wolin, Esq.
                                     *Attorney for Plaintiff*
                                     420 Jericho Turnpike, Suite 215
                                     Jericho, New York 11753
                                     Tel.: (516) 938-1199
                                     Fax: (516) 938-1178
                                     Email: wolinlaw@aol.com

**<u>Verification</u>**

State of New York    )
                     )ss.:
County of Nassau     )

WILLIE A. HECKSTALL, III, being duly sworn, deposes and says:

I am the plaintiff in the within action and I have read the foregoing document and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

WILLIE A. HECKSTALL, III

Sworn to before me this
18th day of April, 2019

Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 4993075
Qualified in Nassau County
Commission Expires 3/9/2022

-20-